UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00575-MOC

| | |
|---|---|
| **MALCOLM XAVIER SPRINGS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's Motion to Vacate, Correct, or Set Aside. The government filed a Motion to Dismiss (#5) that petition. Thereafter, court-appointed counsel appeared and filed a Supplemental Memorandum in Support of Motion to Vacate Sentence under Section 2255 (#12), arguing that petitioner was entitled to relief under Johnson v. United States, 135 S.Ct. 2551 (2015).

The government has filed its response and concedes that petitioner is entitled to relief under Johnson and its progeny. Specifically, the government states that under United States v. Gardner, 823 F.3d 793, 797 (4th Cir. 2016), petitioner's prior convictions for North Carolina common law robbery no longer qualify as ACCA predicates. This Court concurs in the government's assessment and will vacate the sentence as to all counts (see below for discussion of "sentencing package doctrine"), direct that petitioner's PSR be supplemented in light of such convictions no longer being ACCA predicates, appoint new counsel in the criminal matter, and direct the Clerk of Court to schedule this matter for resentencing after a final revised PSR is filed.

The Court agrees with petitioner that resentencing should generally be under the "sentencing package doctrine," United States v. Smith, 115 F.3d 241, 245 (4th Cir. 1997), and that

resentencing should occur as to all counts of conviction.  See Pet. Supp. Mem. (#12) at 4-6.   The

Court will, however, keep all sentencing options on the table if it appears that application of the

"sentencing package doctrine" would result in an unwarranted sentence. As rehabilitation may be

considered under Section 3553(a) on resentencing, this Court is particularly interested in

petitioner's use of his time while incarcerated, be it good or be it bad.

As to the non-Johnson claims asserted in the uncounseled petition (#1), the Court agrees

with the government that petitioner's claims of ineffective assistance of counsel and prosecutorial

misconduct are time barred and that the government has properly asserted the bar as to those

particular claims only.  See Moon v. United States, 2016 WL 6108630 (E.D.N.C. Oct. 19, 2016).

Those claims will be dismissed with prejudice.


**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Vacate, Correct, or Set

Aside (#1), as supplemented (1#12) is **GRANTED** in part and **DENIED** in part as follows:

(1)     petitioner's claims of ineffective assistance of counsel and prosecutorial

misconduct are **DISMISSED** with prejudice as time barred; and

(2)     petitioner's claim under Johnson and Gardner that the sentence should be vacated

because he no longer has predicate offenses that qualify under the ACCA is

**GRANTED**, and petitioner's sentence is **VACATED** as to all counts of

conviction, and

(a)     the United States Probation Office shall supplement the PSR in light of

such convictions no longer being ACCA predicates;

(b)     inasmuch as petitioner lodged a claim of ineffective assistance of counsel

(the merits of which were not reached), the Clerk of Court shall appoint

new counsel in the criminal matter for purposes of resentencing; and

(c)     the Clerk of Court shall schedule this matter for resentencing after the

final revised PSR is filed.

Signed: May 22, 2017

Max O. Cogburn Jr
United States District Judge